In the Matter of EGAN R. RUSSELL, Respondent, against ELLSWORTH B. BUCK et al., Constituting the Board of Education of the City of New York, Appellants.— Proceeding instituted pursuant to article 78 of the Civil Practice Act, to review a resolution adopted by appellants, constituting the Board of Education of the City of New York, which provides that no additional compensation be granted to custodians for the use of buildings at specified periods of time. Order directing defendants to rescind and nullify the resolution and to pay all compensation due or which may become due pursuant to a salary schedule for compensation for extra services, reversed on the law, with ten dollars costs and disbursements, the application denied and the petition dismissed, without costs. The schedules providing for salaries to custodians for regular work, including that of 1927, were adopted independently of and without legal effect upon coexisting schedules for payment of compensation at fixed rates for so-called extra services. The compensation for extra services is not within the comprehension of section 889 of the Education Law, wherein [subd. 1] it is provided that compensation and salaries " shall be not less than the salaries and salary increments fixed by the schedules and schedule conditions adopted by such board of education  *  *  *  and on file in the office of the state commissioner of education  *  *  *. This subdivision shall not be construed so as to operate as a reduction of any salary." This section, as originally enacted, provided for the filing of schedules and schedule conditions as to salaries and express increments thereto of the teaching and supervisory staff. (L. 1919, ch. 645.) It remained unchanged when article 33-B of the Education Law was otherwise amended so as to direct the Board of Education to fix compensation or salaries, whether on a per annum or a non-per annum basis, of all of its officers and employees by schedules and schedule conditions at not less than a fixed percentage added to existing compensation or salaries. (L. 1920, ch. 680.) When the Legislature amended section 889 so as to provide a minimum consisting of " salaries and salary increments " (L. 1931, ch. 540) it comprehended remuneration in a fixed sum to which increments by percentages could be added, and not compensation for casual services which it was within the power of the Board of Education, at any time, to deem included within the regular work. Close, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.